UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harold E. Bjorklund,

        Plaintiff,

v.                                                                                          Civil No. 08-4915 (JNE/AJB)
                                                                                                                                        ORDER

Sunil V. Sapatnekar, in his capacity as trustee of
the Bjorklund Trucking, Inc., Profit-Sharing Plan;
and Bjorklund Trucking, Inc.,

        Defendants.

        Asserting breaches of fiduciary duties and failure to provide plan documents, Harold E. Bjorklund brings this action under the Employee Retirement Income Security Act of 1974 (ERISA) against Sunil V. Sapatnekar, in his capacity as trustee of the Bjorklund Trucking, Inc., Profit-Sharing Plan (Plan); and Bjorklund Trucking, Inc. (BTI). The case is before the Court on Bjorklund's Motion for Partial Summary Judgment. For the reasons set forth below, the Court denies the motion.

        Bjorklund moves for summary judgment on Count III of his Verified First Supplemental and Amended Complaint. In that count, he claims that BTI, the administrator of the Plan, violated ERISA by failing to provide him with requested Plan documents. *See* 29 U.S.C. § 1024(b)(4) (2006) (requiring plan administrator to provide certain documents upon written request of any participant or beneficiary); *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 947 (8th Cir. 1999). It is undisputed that Bjorklund made written requests[1] for the Plan's 2006 Form

---

[1]    The Court assumes, without deciding, that Bjorklund was a participant when he made his requests. *See Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 296 n.7, 302-03 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 1473 (2008); *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 78-79 (3d Cir. 2001).

5500 in June, August, and November 2007 and that BTI first provided the 2006 Form 5500 to him in May 2009.

A court may impose penalties on a plan administrator that fails to comply with a request for information under section 1024(b)(4):

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B) (2006).[2] Bjorklund seeks the maximum penalty available. BTI argues that the Court should exercise its discretion to award nothing.

"[T]he purpose of the penalty is to provide plan administrators with an incentive to timely respond to requests for documents." *Kerr*, 184 F.3d at 948; *see Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006) (stating that purpose of penalty under 29 U.S.C. § 1132(c)(1)(A) is to provide an incentive to plan administrators to comply with ERISA and to punish noncompliance). "In exercising its discretion to impose statutory damages, a court primarily should consider 'the prejudice to the plaintiff and the nature of the plan administrator's conduct.'" *Starr*, 461 F.3d at 1040 (quoting *Kerr*, 184 F.3d at 948). Though relevant, the plan administrator's good faith and the absence of harm to the plaintiff do not necessarily preclude the imposition of a penalty. *Id.*

In this case, the record is not sufficiently developed with regard to what, if any, prejudice Bjorklund experienced from the belated production of the 2006 Form 5500. In addition, the

---

[2] Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, the penalty is $110 per day. *See Christensen v. Qwest Pension Plan*, 462 F.3d 913, 919 n.3 (8th Cir. 2006); 29 C.F.R. § 2575.502c-1 (2008).

2

record does not adequately present the nature of BTI's conduct. Accordingly, the Court declines to impose a penalty on BTI at this time. The Court anticipates that the determination, if necessary, of what, if any, penalty to impose on BTI will take place in an appropriate hearing held after the deadline for dispositive motions has passed.

Bjorklund also requests an award of attorney fees. He has not adequately addressed the relevant factors, *see id.* at 1041, and his request is premature. Thus, the Court denies Bjorklund's request for an award of attorney fees.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Bjorklund's Motion for Partial Summary Judgment [Docket No. 25] is DENIED.

Dated: June 11, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge